UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:17-CR-009-O-BL |
| CHRISTOPHER LAMON HARRIS | § § § | |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS FOR PSYCHIATRIC EXAMINATION

Before the Court are two motions filed by appointed counsel for Defendant. The first was filed on February 22, 2017, and is entitled "Motion for Psychiatric Exam to Determine Defendant's Ability to Stand Trial," (Doc. 14). The second was filed on February 23, 2017, and titled "Motion for Psychiatric Exam to Determine Defendant's Sanity at Time of Offense and Ability to Stand Trial," (Doc. 16). Other than slight disparity in title, the pleadings are essentially identical, save for a reference in the latter to the issue of Defendant's sanity at the time of the offense, pursuant to Rule 12.2, Federal Rules of Criminal Procedure.

The first motion was referred to the undersigned by the district judge on February 22, 2017 (Doc. 15), and the second by subsequent verbal instruction.

Summary of Hearing

On March 2, 2017, a hearing was conducted to ascertain whether mental examination of Defendant was appropriate under 18 U.S.C. 4241(b) ["Prior to the date of the [competency] hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted..."]. Defendant was represented by Jacob Blizzard, Esq., who was standing in for Defendant's appointed counsel. The government was represented by Assistant United States

1

Attorney Juanita Fielden.

The Court initiated a dialogue with Defendant by inquiring about his age and education, with appropriate responses given by Defendant. When asked about his marital status, Defendant answered that he had been twice married, currently to Janet Jackson ("the pop star"). He further stated he had four children with Ms. Jackson, and twenty-five children in total. He does not work, as he receives $250,000 per month from Ms. Jackson. These responses are consistent with those provided to the probation officer on February 21, 2017 and set out in Defendant's financial affidavit.

The Court asked Defendant if he recalled his initial appearance, where the charges contained in the indictment were read to him, to which he responded yes. Specifically, he was asked if he understood he was charged with possession of a firearm, which was improper because he was a convicted felon. Again, he responded in the affirmative. He was asked if he understood that a conviction would potentially subject him to a ten-year term of imprisonment, which he said he understood. While these answers might be indicative of a reasonable understanding of the proceedings against him, such theory is placed in doubt by the answers that followed.

When asked how he came to be in possession of the firearm, Defendant stated that he heard voices (of multiple actors, such as Gwyneth Paltrow, Sandra Bullock, and Wesley Snipes) telling him to grab the gun and run - which he did. When asked about the statement of his attorney in both motions, that "the devil told him to take the weapon and run," Defendant agreed, saying that his fourth cousin, Satan, was controlling the voices.

Defendant testified he had been incarcerated previously at the Montford Unit in Lubbock, Texas, where he was given medication for his psychotic behavior. When asked if the medication

was helpful, he replied it was not, as evidenced by the fact that he was standing before the court again.

When asked about his relationship with his court appointed attorney, and whether he was able to provide his counsel with any information that might be helpful in his defense, Defendant stated he told him the same things he had testified to in this hearing. When asked if he might be able to recall any other facts or evidence that might be helpful to his defense, he answered no.

Findings

It is the opinion of the undersigned, after observing Defendant at his initial appearance and at the hearing on March 2, 2017, that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect which renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. §4241(a).

**IT IS THEREFORE RECOMMENDED**:

that Defendant's motions for psychiatric exam, Documents 14 and 16, be **GRANTED**;

that the Court order a psychiatric or psychological examination of Defendant; and

that a psychiatric or psychological report be filed with the Court, pursuant to the provisions of 18 U.S.C. §4247(d).

SIGNED March 3, 2017.

_____
E. SCOTT FROST
United States Magistrate Judge