UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CASE NO: 1:17-CR-009-O-BL |
| | § § § | |
| CHRISTOPHER LAMON HARRIS | § | |

## REPORT AND RECOMMENDATION ON MENTAL COMPETENCY

The question of the mental competency of Defendant Christopher Lamon Harris to stand trial in the above entitled and numbered cause was presented to and considered by the Court in an evidentiary hearing on June 13, 2017, after due notice to both parties, with said defendant and respective counsel for each of the parties present and participating.[1]

A psychological evaluation of the defendant has been made under order of the district judge, by a psychologist possessing the qualifications provided in the Offenders With Mental Disease or Defect Chapter of Title 18, United States Code, and the resulting report of such examination ("Report") has been received, filed (Doc. 22) and considered by the Court. Further, the parties filed an agreed stipulation regarding the Report (Doc. 25), which provided that such be received in evidence by stipulation, without further evidentiary predicate or the necessity of testimony by the author, as well as an agreement to commit for restoration of competency.

---

[1] The issue of whether the defendant is competent to stand trial was referred to the magistrate judge for Report and Recommendation by order dated June 6, 2017.

At hearing, the stipulation was discussed and the parties confirmed that there were no objections to the findings contained in the Report. Counsel for the defendant indicated he had gone over the findings in the Report with his client and that the defendant understood the findings. The undersigned advised the defendant that the purpose of the ongoing process was to determine whether he was competent to stand trial, and if he was found not to be competent, that he would be hospitalized for a reasonable period not to exceed 4 months to determine whether there was a substantial probability that he would become competent to stand trial in the future. He was then advised that the psychological evaluation indicated he was not presently competent to stand trial. When asked whether he understood both the purpose of the process and the results of the evaluation, Defendant was non-verbal.

Based upon the stipulated report, the evidence received at the hearing, and the representations of counsel, the Court makes the following findings:

i. Defendant is presently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

ii. Defendant is NOT currently competent to stand trial.

v. The recommendation of the evaluators is that Defendant be committed for treatment and an attempt at competency restoration, under the provisions of Title 18, United States Code, Section 4241(d).

IT IS THEREFORE RECOMMENDED that the defendant, Christopher Lamon Harris, be adjudged mentally incompetent to stand trial, and that he be committed to the custody of the Attorney General of the United States under Title 18, United States Code, Section 4241(d), so that the Attorney General may hospitalize him for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that, in the foreseeable future, he will attain the capacity to permit the trial to proceed.

SIGNED this the 13th day of June, 2017.

E. SCOTT FROST
United States Magistrate Judge

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3